# EXHIBIT 4

## DECLARATION OF DAVID S. KENNEDY, JR.

I, David S. Kennedy, Jr., hereby declare:

I make this declaration based on my own personal knowledge and if called to testify I could and would do so completely as follows.

1. I was born in Atlanta Georgia in 1975. Both of my parents are U.S. citizens, and, with the exception of attending college in Tennessee, I have lived in Georgia for my entire life.

2. I received my Juris Doctor Degree from the University of Georgia, School of Law. I am currently an active member of the Georgia State Bar and am employed at Corso, Kennedy & Campbell, LLP, in Gainesville, Georgia, and have an additional office in Chamblee, Georgia.

3. I have a number of friends and clients who are undocumented immigrants. I am especially concerned with HB 87 going into effect because I frequently see clients in my office and give rides to clients, who are undocumented immigrants, to immigration court, to infopass appointments and other appointments which are in furtherance of my legal representation of each client but are not proceedings at which "such illegal alien is required to appear pursuant to

1

a summons, subpoena, court order, or other legal process,"
or in other legal dealings.

4. Immigration law is my primary area of practice, and as such
I am concerned that the harboring provisions of HB 87
provide an exception for criminal attorneys only, and not
for immigration representation.

5. Because I am an immigration attorney and I am serving my
clients, it is my business to know their immigration
status.  If HB 87 goes into effect and I am stopped by an
officer for a minor traffic offense, such as speeding or
failing to signal when changing lanes, and I am giving a
ride to a client, I could be guilty of transporting and/or
harboring an illegal immigrant and could face jail time.
Though I try to obey every law, I often do commit very
minor traffic offenses while driving, such as speeding or
failing to signal properly, and I expect I will continue to
do so in the future.

6. In order to assert most forms of relief from removal in
immigration court, the "respondent" in such proceedings has
to admit that he or she is not a citizen or national of the
U.S. and that he or she "removable," which means that they
are present in violation of federal immigration law.
Therefore, even if I were not giving a ride to a client, if

2

I were to rear-end another car, and thus commit the offense of following too closely, while I am on the downtown connector (75/85) hurrying to get to court to represent a client, I would be violating provisions of HB 87 by committing another criminal offense while engaging in "harboring" an undocumented immigrant by rushing to court and thus "substantially help[ing] the individual to remain in the United States in violation of federal law." It is not too difficult to come up with many different ways that an attorney could be guilty of violating this statute by simply engaging in the legal representation of their clients.

7. In addition if I were to help an undocumented immigrant attempt to stay in the country by applying for forms of temporary or permanent relief such as deferred action, cancellation of removal, or adjustment of status, then I could be guilty of helping an undocumented immigrant to stay in the country. I provide these services to people nearly every day and I will continue to do so in the future -- it is my job to do so.

8. The practice of immigration law is my family's sole source of income and if I were to be arrested for assisting a

3

client my family would be severely, perhaps irreparably, harmed.

9. Some of my clients reside outside the state of Georgia, and some of them reside in Georgia but have immigration court cases in other states. I have worked with clients from many other states such as North Carolina, Alabama, Texas, and Arizona, and have had them come to Atlanta for legal work regarding their immigration status. For the same reasons I explained above, HB 87 criminalizes my activities because I could be accused of inducing the clients to come into the state of Georgia. Because practicing immigration law is my business, I logically am doing it for a profit. Inducing an undocumented immigrant to enter the state for a profit causes a violation of this statute to be a felony. This is preposterous because it again fundamentally interferes with the relationship I have with my clients.

10. Additionally I worry that If HB 87 takes effect then I could be discriminated against and pulled over because I am driving a Hispanic client. It is abhorrent to me that my children will be living in a state that tells them that racism or racial profiling is acceptable.

11. I am concerned that HB 87 will interfere with my client's right to counsel, and the right to counsel of all

4

people residing in Georgia.  There are many different ways that this statute could be interpreted to essentially criminalize the practice of law. The right to counsel does not extend only to criminal cases, but rather applies across the board. Apart from criminalizing the practice of immigration law, HB 87 could interfere with the people's right to counsel in many other sorts of cases: fighting for the custody of an immigrant's children; helping an immigrant to purchase a home or land; seeking damages on behalf of an immigrant who has been involved in an accident, thus providing him with the funds to remain in the State.  Attorneys or other people familiar with the law could dream up countless examples of situations in which attorneys could be accused of committing a crime by zealously representing their clients as attorneys are ethically bound to do.

12.    I worry that if HB 87 goes into effect anyone, including a person who does not look like a traditional immigrant, could be asked for evidence that they are lawfully in the country. If we actually believe that police will refrain from taking appearance or English language ability into account in detaining people to verify their immigration status, this law essentially mandates that I,

5

and everyone else, have to carry proof of citizenship at all times. There is no law that requires you to have identification at all times, much less that you show it to a police officer on demand. But HB 87 does imply the creation of a law that requires each and every individual to carry proof of citizenship or risk being arrested and subjected to removal proceedings for being undocumented. I am concerned as to what would happen to my elderly grandmother who doesn't have a driver's license because she is unable to drive. I worry that she could be arrested for not having an ID.

I declare under penalty of Perjury that the foregoing is true and correct. EXECUTED this ___3___ day of June, 2011 in Gainesville, Georgia.

David S. Kennedy, Jr.

Notary Public

6