# EXHIBIT 15

## DECLARATION OF JAYPAUL SINGH

I, Jaypaul Singh, hereby declare,

I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows.

1. I was born in the United States in 1987. I am a resident of Mercer Island, Washington. I am currently finishing my first year of law school at the University of Washington.

2. I will be working as a legal intern in Atlanta, Georgia during the summer of 2011. While in Atlanta, I plan to bring with me my Washington State Driver's License, but I do not plan to carry any additional identification. I have a U.S. passport, but I do not like to carry it with me unless I am traveling internationally. I am afraid I could lose it, and I am not accustomed to needing to carry papers to prove my citizenship.

3. I am of South Asian descent, and I have brown skin.

4. I am afraid that if HB 87 goes into effect, it will impinge on my freedom. I worry that if I commit a minor infraction like littering or jaywalking, I could be subject to extended questioning and even detention because my Washington State Driver's License will not be accepted as proof that I am a U.S. Citizen. I believe this to be true because Washington State does not

1

verify immigration status before issuing a driver's license, and therefore it does not satisfy HB 87's document list.

5. I will not have a car in Atlanta, but I will be asked to drive vehicles belonging to the organization I am working for as part of my job responsibilities. Additionally, my cousin will be visiting from Connecticut, and I plan to rent a car to use during the time that he is in Atlanta.

6. If HB 87 takes effect, I will limit the amount of driving I do. I will be new to Georgia and the Atlanta area, and I am afraid that as I navigate a new place, I could easily make a driving mistake that would result in an interaction with local law enforcement. Knowing that this interaction could easily lead to detention makes the decision about whether or not to drive a much weightier one. I will be forced to choose to either drive in a state of constant worry or request a change in the parameters of my work responsibilities and reconsider my plans to travel throughout the state. I do not think it is fair for me to have to make this choice.

7. I have committed minor infractions before. I have been stopped for speeding twice and on one of those occasions I was issued a ticket. I do not make a habit of speeding or breaking the law, but like most people, there are occasions when I commit these minor offenses. I do not think I should risk

make a habit of speeding or breaking the law, but like most people, there are occasions when I commit these minor offenses. I do not think I should risk detention every time I go five miles over the speed limit or accidentally drop a candy wrapper on the sidewalk.

8. I believe that detaining someone like me because of how I look and the fact that I don't carry the proof of my U.S. Citizenship required by this law is un-American.

9. If I enjoy my time in Atlanta this summer, I would like to come back to visit. I have even thought about eventually moving to Georgia if I find work there after law school. I hope that HB 87 does not go into effect and that I can spend time in Georgia without fearing that I could be detained or questioned during even the most benign interaction with law enforcement.

I declare under penalty of perjury that the forgoing is true and correct.

EXECUTED this 7th day of June, 2011 in Seattle, Washington.

Jaypaul Singh

3