Policy Number: 10075.1
FEA Number: 306-112-0026

*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536

 **U.S. Immigration
and Customs
Enforcement**

June 17, 2011

MEMORANDUM FOR:     All Field Office Directors
                    All Special Agents in Charge
                    All Chief Counsel

FROM:               John Morton
                    Director

SUBJECT:            Exercising Prosecutorial Discretion Consistent with the Civil
                    Immigration Enforcement Priorities of the Agency for the
                    Apprehension, Detention, and Removal of Aliens

Purpose

This memorandum provides U.S. Immigration and Customs Enforcement (ICE) personnel
guidance on the exercise of prosecutorial discretion to ensure that the agency's immigration
enforcement resources are focused on the agency's enforcement priorities. The memorandum
also serves to make clear which agency employees may exercise prosecutorial discretion and
what factors should be considered.

This memorandum builds on several existing memoranda related to prosecutorial discretion with
special emphasis on the following:

- Sam Bernsen, Immigration and Naturalization Service (INS) General Counsel, Legal
  Opinion Regarding Service Exercise of Prosecutorial Discretion (July 15, 1976);
- Bo Cooper, INS General Counsel, INS Exercise of Prosecutorial Discretion (July 11,
  2000);
- Doris Meissner, INS Commissioner, Exercising Prosecutorial Discretion (November 17,
  2000);
- Bo Cooper, INS General Counsel, Motions to Reopen for Considerations of Adjustment
  of Status (May 17, 2001);
- William J. Howard, Principal Legal Advisor, Prosecutorial Discretion (October 24,
  2005);
- Julie L. Myers, Assistant Secretary, Prosecutorial and Custody Discretion (November 7,
  2007);
- John Morton, Director, Civil Immigration Enforcement Priorities for the Apprehension,
  Detention, and Removal of Aliens (March 2, 2011); and
- John Morton, Director, Prosecutorial Discretion: Certain Victims, Witnesses, and
  Plaintiffs (June 17, 2011).

*Exercising Prosecutorial Discretion Consistent with the Priorities of the Agency for the*
*Apprehension, Detention, and Removal of Aliens*

The following memoranda related to prosecutorial discretion are rescinded:

- Johnny N. Williams, Executive Associate Commissioner (EAC) for Field Operations, Supplemental Guidance Regarding Discretionary Referrals for Special Registration (October 31, 2002); and
- Johnny N. Williams, EAC for Field Operations, Supplemental NSEERS Guidance for Call-In Registrants (January 8, 2003).

Background

One of ICE's central responsibilities is to enforce the nation's civil immigration laws in coordination with U.S. Customs and Border Protection (CBP) and U.S. Citizenship and Immigration Services (USCIS). ICE, however, has limited resources to remove those illegally in the United States. ICE must prioritize the use of its enforcement personnel, detention space, and removal assets to ensure that the aliens it removes represent, as much as reasonably possible, the agency's enforcement priorities, namely the promotion of national security, border security, public safety, and the integrity of the immigration system. These priorities are outlined in the ICE Civil Immigration Enforcement Priorities memorandum of March 2, 2011, which this memorandum is intended to support.

Because the agency is confronted with more administrative violations than its resources can address, the agency must regularly exercise "prosecutorial discretion" if it is to prioritize its efforts. In basic terms, prosecutorial discretion is the authority of an agency charged with enforcing a law to decide to what degree to enforce the law against a particular individual. ICE, like any other law enforcement agency, has prosecutorial discretion and may exercise it in the ordinary course of enforcement[1]. When ICE favorably exercises prosecutorial discretion, it essentially decides not to assert the full scope of the enforcement authority available to the agency in a given case.

In the civil immigration enforcement context, the term "prosecutorial discretion" applies to a broad range of discretionary enforcement decisions, including but not limited to the following:

- deciding to issue or cancel a notice of detainer;
- deciding to issue, reissue, serve, file, or cancel a Notice to Appear (NTA);
- focusing enforcement resources on particular administrative violations or conduct;
- deciding whom to stop, question, or arrest for an administrative violation;
- deciding whom to detain or to release on bond, supervision, personal recognizance, or other condition;
- seeking expedited removal or other forms of removal by means other than a formal removal proceeding in immigration court;

---

[1] The Meissner memorandum's standard for prosecutorial discretion in a given case turned principally on whether a substantial federal interest was present. Under this memorandum, the standard is principally one of pursuing those cases that meet the agency's priorities for federal immigration enforcement generally.

*Exercising Prosecutorial Discretion Consistent with the Priorities of the Agency for the*
*Apprehension, Detention, and Removal of Aliens*

- settling or dismissing a proceeding;
- granting deferred action, granting parole, or staying a final order of removal;
- agreeing to voluntary departure, the withdrawal of an application for admission, or other action in lieu of obtaining a formal order of removal;
- pursuing an appeal;
- executing a removal order; and
- responding to or joining in a motion to reopen removal proceedings and to consider joining in a motion to grant relief or a benefit.

Authorized ICE Personnel

Prosecutorial discretion in civil immigration enforcement matters is held by the Director[2] and may be exercised, with appropriate supervisory oversight, by the following ICE employees according to their specific responsibilities and authorities:

- officers, agents, and their respective supervisors within Enforcement and Removal Operations (ERO) who have authority to institute immigration removal proceedings or to otherwise engage in civil immigration enforcement;

- officers, special agents, and their respective supervisors within Homeland Security Investigations (HSI) who have authority to institute immigration removal proceedings or to otherwise engage in civil immigration enforcement;

- attorneys and their respective supervisors within the Office of the Principal Legal Advisor (OPLA) who have authority to represent ICE in immigration removal proceedings before the Executive Office for Immigration Review (EOIR); and

- the Director, the Deputy Director, and their senior staff.

ICE attorneys may exercise prosecutorial discretion in any immigration removal proceeding before EOIR, on referral of the case from EOIR to the Attorney General, or during the pendency of an appeal to the federal courts, including a proceeding proposed or initiated by CBP or USCIS. If an ICE attorney decides to exercise prosecutorial discretion to dismiss, suspend, or close a particular case or matter, the attorney should notify the relevant ERO, HSI, CBP, or USCIS charging official about the decision. In the event there is a dispute between the charging official and the ICE attorney regarding the attorney's decision to exercise prosecutorial discretion, the ICE Chief Counsel should attempt to resolve the dispute with the local supervisors of the charging official. If local resolution is not possible, the matter should be elevated to the Deputy Director of ICE for resolution.

---

[2] Delegation of Authority to the Assistant Secretary, Immigration and Customs Enforcement, Delegation No. 7030.2 (November 13, 2004), delegating among other authorities, the authority to exercise prosecutorial discretion in immigration enforcement matters (as defined in 8 U.S.C. § 1101(a)(17)).

*Exercising Prosecutorial Discretion Consistent with the Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens*

Factors to Consider When Exercising Prosecutorial Discretion

When weighing whether an exercise of prosecutorial discretion may be warranted for a given alien, ICE officers, agents, and attorneys should consider all relevant factors, including, but not limited to—

- the agency's civil immigration enforcement priorities;
- the person's length of presence in the United States, with particular consideration given to presence while in lawful status;
- the circumstances of the person's arrival in the United States and the manner of his or her entry, particularly if the alien came to the United States as a young child;
- the person's pursuit of education in the United States, with particular consideration given to those who have graduated from a U.S. high school or have successfully pursued or are pursuing a college or advanced degrees at a legitimate institution of higher education in the United States;
- whether the person, or the person's immediate relative, has served in the U.S. military, reserves, or national guard, with particular consideration given to those who served in combat;
- the person's criminal history, including arrests, prior convictions, or outstanding arrest warrants;
- the person's immigration history, including any prior removal, outstanding order of removal, prior denial of status, or evidence of fraud;
- whether the person poses a national security or public safety concern;
- the person's ties and contributions to the community, including family relationships;
- the person's ties to the home country and conditions in the country;
- the person's age, with particular consideration given to minors and the elderly;
- whether the person has a U.S. citizen or permanent resident spouse, child, or parent;
- whether the person is the primary caretaker of a person with a mental or physical disability, minor, or seriously ill relative;
- whether the person or the person's spouse is pregnant or nursing;
- whether the person or the person's spouse suffers from severe mental or physical illness;
- whether the person's nationality renders removal unlikely;
- whether the person is likely to be granted temporary or permanent status or other relief from removal, including as a relative of a U.S. citizen or permanent resident;
- whether the person is likely to be granted temporary or permanent status or other relief from removal, including as an asylum seeker, or a victim of domestic violence, human trafficking, or other crime; and
- whether the person is currently cooperating or has cooperated with federal, state or local law enforcement authorities, such as ICE, the U.S Attorneys or Department of Justice, the Department of Labor, or National Labor Relations Board, among others.

This list is not exhaustive and no one factor is determinative. ICE officers, agents, and attorneys should always consider prosecutorial discretion on a case-by-case basis. The decisions should be based on the totality of the circumstances, with the goal of conforming to ICE's enforcement priorities.

*Exercising Prosecutorial Discretion Consistent with the Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens*

That said, there are certain classes of individuals that warrant particular care. As was stated in the Meissner memorandum on Exercising Prosecutorial Discretion, there are factors that can help ICE officers, agents, and attorneys identify these cases so that they can be reviewed as early as possible in the process.

The following positive factors should prompt particular care and consideration:

- veterans and members of the U.S. armed forces;
- long-time lawful permanent residents;
- minors and elderly individuals;
- individuals present in the United States since childhood;
- pregnant or nursing women;
- victims of domestic violence, trafficking, or other serious crimes;
- individuals who suffer from a serious mental or physical disability; and
- individuals with serious health conditions.

In exercising prosecutorial discretion in furtherance of ICE's enforcement priorities, the following negative factors should also prompt particular care and consideration by ICE officers, agents, and attorneys:

- individuals who pose a clear risk to national security;
- serious felons, repeat offenders, or individuals with a lengthy criminal record of any kind;
- known gang members or other individuals who pose a clear danger to public safety; and
- individuals with an egregious record of immigration violations, including those with a record of illegal re-entry and those who have engaged in immigration fraud.

Timing

While ICE may exercise prosecutorial discretion at any stage of an enforcement proceeding, it is generally preferable to exercise such discretion as early in the case or proceeding as possible in order to preserve government resources that would otherwise be expended in pursuing the enforcement proceeding. As was more extensively elaborated on in the Howard Memorandum on Prosecutorial Discretion, the universe of opportunities to exercise prosecutorial discretion is large. It may be exercised at any stage of the proceedings. It is also preferable for ICE officers, agents, and attorneys to consider prosecutorial discretion in cases without waiting for an alien or alien's advocate or counsel to request a favorable exercise of discretion. Although affirmative requests from an alien or his or her representative may prompt an evaluation of whether a favorable exercise of discretion is appropriate in a given case, ICE officers, agents, and attorneys should examine each such case independently to determine whether a favorable exercise of discretion may be appropriate.

In cases where, based upon an officer's, agent's, or attorney's initial examination, an exercise of prosecutorial discretion may be warranted but additional information would assist in reaching a final decision, additional information may be requested from the alien or his or her representative. Such requests should be made in conformity with ethics rules governing

*Exercising Prosecutorial Discretion Consistent with the Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens*

communication with represented individuals[3] and should always emphasize that, while ICE may be considering whether to exercise discretion in the case, there is no guarantee that the agency will ultimately exercise discretion favorably. Responsive information from the alien or his or her representative need not take any particular form and can range from a simple letter or e-mail message to a memorandum with supporting attachments.

<u>Disclaimer</u>

As there is no right to the favorable exercise of discretion by the agency, nothing in this memorandum should be construed to prohibit the apprehension, detention, or removal of any alien unlawfully in the United States or to limit the legal authority of ICE or any of its personnel to enforce federal immigration law. Similarly, this memorandum, which may be modified, superseded, or rescinded at any time without notice, is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

---

[3] For questions concerning such rules, officers or agents should consult their local Office of Chief Counsel.

Policy Number: 10076.1
FEA Number: 306-112-002b



*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536

JUN 17 2011

**U.S. Immigration
and Customs
Enforcement**

MEMORANDUM FOR:     All Field Office Directors
                    All Special Agents in Charge
                    All Chief Counsel

FROM:               John Morton
                    Director

SUBJECT:            Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs

Purpose:

This memorandum sets forth agency policy regarding the exercise of prosecutorial discretion in removal cases involving the victims and witnesses of crime, including domestic violence, and individuals involved in non-frivolous efforts related to the protection of their civil rights and liberties. In these cases, ICE officers, special agents, and attorneys should exercise all appropriate prosecutorial discretion to minimize any effect that immigration enforcement may have on the willingness and ability of victims, witnesses, and plaintiffs to call police and pursue justice. This memorandum builds on prior guidance on the handling of cases involving T and U visas and the exercise of prosecutorial discretion.[1]

Discussion:

Absent special circumstances or aggravating factors, it is against ICE policy to initiate removal proceedings against an individual known to be the immediate victim or witness to a crime. In practice, the vast majority of state and local law enforcement agencies do not generally arrest victims or witnesses of crime as part of an investigation. However, ICE regularly hears concerns that in some instances a state or local law enforcement officer may arrest and book multiple people at the scene of alleged domestic violence. In these cases, an arrested victim or witness of domestic violence may be booked and fingerprinted and, through the operation of the Secure

---

[1] For a thorough explanation of prosecutorial discretion, see the following: Memorandum from Peter S. Vincent, Principal Legal Advisor, Guidance Regarding U Nonimmigrant Status (U visa) Applicants in Removal Proceedings or with Final Orders of Deportation or Removal (Sept. 25, 2009); Memorandum from William J. Howard, Principal Legal Advisor, VAWA 2005 Amendments to Immigration and Nationality Act and 8 U.S.C. § 1367 (Feb. 1, 2007); Memorandum from Julie L. Myers, Assistant Secretary of ICE, Prosecutorial and Custody Discretion (Nov. 7, 2007); Memorandum from William J. Howard, Principal Legal Advisor, Prosecutorial Discretion (Oct. 24, 2005); Memorandum from Doris Meissner, Commissioner, Immigration and Naturalization Service, Exercising Prosecutorial Discretion (Nov. 17, 2000).

Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs
Page 2

Communities program or another ICE enforcement program, may come to the attention of ICE. Absent special circumstances, it is similarly against ICE policy to remove individuals in the midst of a legitimate effort to protect their civil rights or civil liberties.

To avoid deterring individuals from reporting crimes and from pursuing actions to protect their civil rights, ICE officers, special agents, and attorneys are reminded to exercise all appropriate discretion on a case-by-case basis when making detention and enforcement decisions in the cases of victims of crime, witnesses to crime, and individuals pursuing legitimate civil rights complaints. Particular attention should be paid to:

- victims of domestic violence, human trafficking, or other serious crimes;
- witnesses involved in pending criminal investigations or prosecutions;
- plaintiffs in non-frivolous lawsuits regarding civil rights or liberties violations; and
- individuals engaging in a protected activity related to civil or other rights (for example, union organizing or complaining to authorities about employment discrimination or housing conditions) who may be in a non-frivolous dispute with an employer, landlord, or contractor.

In deciding whether or not to exercise discretion, ICE officers, agents, and attorneys should consider all serious adverse factors. Those factors include national security concerns or evidence the alien has a serious criminal history, is involved in a serious crime, or poses a threat to public safety. Other adverse factors include evidence the alien is a human rights violator or has engaged in significant immigration fraud. In the absence of these or other serious adverse factors, exercising favorable discretion, such as release from detention and deferral or a stay of removal generally, will be appropriate. Discretion may also take different forms and extend to decisions to place or withdraw a detainer, to issue a Notice to Appear, to detain or release an alien, to grant a stay or deferral of removal, to seek termination of proceedings, or to join a motion to administratively close a case.

In addition to exercising prosecutorial discretion on a case-by-case basis in these scenarios, ICE officers, agents, and attorneys are reminded of the existing provisions of the Trafficking Victims Protection Act (TVPA),[2] its subsequent reauthorization,[3] and the Violence Against Women Act (VAWA).[4] These provide several protections for the victims of crime and include specific provisions for victims of domestic violence, victims of certain other crimes,[5] and victims of human trafficking.

Victims of domestic violence who are the child, parent, or current/former spouse of a U.S. citizen or permanent resident may be able to self-petition for permanent residency.[6] A U nonimmigrant visa provides legal status for the victims of substantial mental or physical abuse as

---

[2] Pub. L. No. 106-386, §§101-113, 114 Stat. 1464, 1466 (codified as amended in scattered sections of the U.S.C.).
[3] William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, 122 Stat. 1464, 1491 (codified as amended in scattered sections of the U.S.C.).
[4] Pub. L. No. 106-386, §§1001-1603, 114 Stat. 1464, 1491 (codified as amended in scattered sections of the U.S.C.).
[5] For a list of the qualifying crimes, see INA §101(a)(15)(U)(iii).
[6] *See* INA §101(a)(51).

Prosecutorial Discretion: Certain Victims, Witnesses, and Plaintiffs
Page 3

a result of domestic violence, sexual assault, trafficking, and other certain crimes.[7]  A T nonimmigrant visa provides legal status to victims of severe forms of trafficking who assist law enforcement in the investigation and/or prosecution of human trafficking cases.[8]  ICE has important existing guidance regarding the exercise of discretion in these cases that remains in effect.  Please review it and apply as appropriate.[9]

Please also be advised that a flag now exists in the Central Index System (CIS) to identify those victims of domestic violence, trafficking, or other crimes who already have filed for, or have been granted, victim-based immigration relief.  These cases are reflected with a Class of Admission Code "384."  When officers or agents see this flag, they are encouraged to contact the local ICE Office of Chief Counsel, especially in light of the confidentiality provisions set forth at 8 U.S.C. § 1367.

No Private Right of Action

These guidelines and priorities are not intended to, do not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

---

[7] *See* INA §101(a)(15)(U).

[8] *See* INA §101(a)(15)(T).

[9] *See* Memorandum from John P. Torres, Director, Office of Detention and Removal Operations and Marcy M. Forman, Director, Office of Investigations, Interim Guidance Relating to Officers Procedure Following Enactment of VAWA 2005 (Jan. 22, 2007).