**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **GEORGIA LATINO ALLIANCE FOR HUMAN RIGHTS, et al.,** | * | |
| | * | |
| | * | |
| **Plaintiffs ,** | * | |
| | * | |
| **V.** | * | **1:11-CV-1804-TWT** |
| | * | |
| **NATHAN DEAL, Governor of the State of Georgia, et al.,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

**ANSWER AND DEFENSES OF DEFENDANTS DEAL, OLENS,
REESE AND BEATTY**

Come Now, Defendants, Deal, Olens, Reese and Beatty, through Counsel

and file this, their answer and defenses to Plaintiffs' complaint.

**<ins>FIRST DEFENSE</ins>**

The Complaint fails to state a claim upon which relief can be granted.

**<ins>SECOND DEFENSE</ins>**

Defendants deny that Plaintiffs have been or will be subjected to the

deprivation of any rights, privileges, or immunities secured by the Constitution or

laws of the United States or the State of Georgia.

### THIRD DEFENSE

Plaintiffs lack standing to bring this action.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or part by the Eleventh Amendment to the United States Constitution.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or part by the doctrine of sovereign immunity.

### SIXTH DEFENSE

The Defendants reserve the right to raise any other defenses allowed by law at such time as the allegations are more specifically pled or developed.

### SEVENTH DEFENSE

Plaintiffs cannot bring a private right of action for alleged violations of the Supremacy Clause.

### EIGHTH DEFENSE

Without waiving any of the foregoing defenses, the Defendants respond to the numbered paragraphs of the Complaint as follows:

1.

Defendants admit that this action challenges HB 87.  Defendants deny the remaining allegations in Paragraph 1.

2.

Defendants admit that Governor Deal signed HB 87 on May 13, 2011 and that the law was scheduled to take effect in large part on July 1, 2011.  The effective dates of the provisions of the Bill speak for themselves thus no response seems necessary.  To the extent a response is required Plaintiffs allegations in paragraph 2 are admitted only to the extent that they coincide with the plain wording of the Bill and are otherwise denied.

3.

The allegations in paragraphs 3, 4, 5, 6, 7, 8, 9, 10 and 11 are denied.

4.

As to the allegations in paragraph 12, Defendants deny that the Court has subject matter jurisdiction over the claims brought pursuant to state law and claims brought for alleged violations of the Supremacy Clause.

5.

As to the allegations in paragraph 13, Defendants deny that the Court has subject matter jurisdiction over the claims brought pursuant to state law and claims brought for alleged violations of the Supremacy Clause.

6.

The allegations in paragraphs 14 and 15 are denied.

7.

As to the allegations in paragraph 16, Defendants admit that Venue is proper as to the claims brought under Federal Law but deny that Venue is proper as to claims brought under State Law.

8.

Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraphs, 17, 18, 20, 21, 22, 26, 29, 30, 32, 33, 34, 36, 37, 38, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 60 and therefore deny same.

9.

Defendants deny as written paragraphs 19, 23, 24, 25, 27, 28, 31, 35, 39, 41, 56 and 59.

10.

Defendants admit that Nathan Deal is the Governor of the State of Georgia, that the chief executive powers are vested in the Governor and that the Governor shall provide for the defense of any action of interest to the state as defined by O.C.G.A. § 45-12-26. Defendants admit that Governor Deal is sued in his official capacity. Defendants deny the remaining allegations in paragraph 61.

11.

Defendants admit that Samuel S. Olens is the Attorney General of Georgia, Defendants further admit that the Attorney General is the legal advisor of the executive department and that his duties are defined in Ga. Const. art. 5, § 3 ¶ IV and O.C.G.A. § 45-15-3. Defendants also admit that General Olens is sued in his official capacity. The remaining allegations in paragraph 62 are denied.

12.

Defendants admit the allegations in paragraph 63 and 64.

13.

Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 65 and therefore deny same.

14.

The allegations in paragraph 66 are admitted.

15.

The allegations in paragraphs 67, 68, and 69 are denied.

16.

Upon information and belief, the allegations in paragraph 70, 71, 72, and 73 appear to accurately reflect statements made by individual legislators. Defendants are without knowledge or information sufficient to form a belief as to the truth of the reports or the intent of the individual speakers. Defendants deny that individual legislator's statements formulate a legislative record or create a legislative purpose or history of any Bill. The remaining allegations in these paragraphs are denied.

17.

Defendants admit that Governor Deal's statement is accurately reflected in the quotation recited in paragraph 75. Defendants deny the remaining allegations in paragraph 75.

18.

No answer appears necessary as to paragraph 76. To the extent a response is required Defendants deny that the subsequent paragraphs accurately reflect portions of HB 87. The remaining allegations in paragraph 76 are denied.

19.

Defendants deny as written the allegations in paragraphs 77, 78 and 79.

20.

To the extent that paragraphs 80, 81, 82, 83, 84 directly quote from HB 87 they are admitted.  Any remaining allegations in these paragraphs are denied.

21.

Defendants deny as written the allegations in paragraphs 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 99, 100, 101, 102, 109, 108, 109, 111, 113, 114, 116, 117, 119, 120, 122, 123, 124, 126, 128, 130, 135, 136, 137, 138, 139, 140, 141, 142, 143, 145 and 146.

22.

Defendants admit the allegations in paragraph 97, 98, 103, 104, 107, 110, 112, 115, 125, 127 and 144.

23.

Defendants are without knowledge or information sufficient response to paragraphs 105, 118, 121, 147, 148, and 149 and therefore deny same.

24.

As to paragraph 129 Defendants admit that there are provisions in federal law that provide for state and local police to make arrests which are defined by the

statutes enumerated in paragraph 129.  Defendants are without knowledge or information to form a belief as to whether certification under 8 U.S.C. § 1103(a)(10) has ever occurred but state that they are not aware that it has.  As to the remaining allegations in paragraph 129 they are denied.

25.

As to the allegations in paragraph 131 Defendants admit that as some of the SNAP program is funded through federal funds and that Defendants are bound by federal law, rules and regulations in the administration of the program.  Defendants state that states do have some flexibility in the administrative of the programs thus the allegation is denied as written.

26.

To the extent that plaintiffs quote from specific provisions of federal law in paragraphs 132, 133, and 134 the allegations are admitted.  Defendants deny as written the remaining allegations in paragraphs 132, 133 and 134.

27.

As to the allegations in paragraph 150, Defendants admit that Plaintiffs seek to bring this case as a class action under Fed. R. Civ. Pro. 23(a), defendants deny that the class categories, as defined, are appropriate or meet the qualifications for

class certification or accurately reflect the conditions resulting from the passage of HB 87.

28.

Defendants deny the allegations in paragraphs 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 170, 171, 174, 178, 179, 180, 183, 186, 187, 188, 191, 192, 193, and 195.

29.

As the allegations in paragraphs 168, 172, 175, 181, 184 and 189 merely incorporate other paragraphs by reference, no response appears necessary.  To the extent a response is required, Defendants adopt their responses to the referenced paragraphs.

30.

To the extent that paragraphs 169, 173, 176, 177, 182, 185, 190 and 194 directly quote from the Constitution or statutory provisions Defendants admit that the provisions exist and the provisions are accurately quoted.  Defendants deny that HB 87 violates the provisions or that plaintiffs may appropriately bring a claim for alleged violations of the provisions enumerated.

9

31.

Defendants deny that Plaintiffs are entitled to any relief specifically that enumerated in their prayer for relief parts a, b, c, d and e.

32.

Any allegation not specifically responded to is hereby denied.

Respectfully submitted,

SAMUEL S. OLENS          551540
Attorney General

KATHLEEN PACIOUS          558555
Deputy Attorney General

/s/  Devon Orland
DEVON ORLAND          554301
Sr. Assistant Attorney General

/s/ Meghan R. Davidson
MEGHAN R. DAVIDSON     445566
Assistant Attorney General

Communications To:
Devon Orland
40 Capitol Square, S.W.
Atlanta, GA  30334-1300
(404) 463-8850
(404) 651-5304

10

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been

prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman

type face.

This the 14th day of July, 2011.


/s/ Devon Orland
DEVON ORLAND                554301
Sr. Assistant Attorney General


40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404) 463-8850 (Telephone)
(404) 651-5304 (Fax)
Email:  Dorland@law.ga.gov

11

Case 1:11-cv-01804-TWT   Document 106   Filed 07/14/11   Page 12 of 13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing **ANSWER AND DEFENSES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Andre I. Segura | Gerald R. Weber |
| Andrew H. Turner | Karen C. Tumlin |
| Azadeh N. Shahshahani | Katerine Desormeau |
| Cecillia D. Wang | Linton Joaquin |
| Chara Fisher Jackson | Mary C. Bauer |
| Charles H. Kuck | Melissa S. Keaney |
| Dale M. Schwartz | Michelle R. Lapointe |
| Daniel Werner | Naomi Ruth Tsu |
| Danielle M. Conley | Nora Preciado |
| Douglas Brooks Rohan | Omar C. Jadwat |
| Elora Mukherjee | Robert Keegan Federal, Jr. |
| Emmet J. Bondurant, II | Samuel Brooke |
| George Brian Spears | Sin Yen Ling |
| Gerald Jason Thompson | Socheat Chea |

I further certify that I have served, by U.S. mail, first class postage

prepaid, the following non-CM/ECF participants:

| | |
|---|---|
| Carla Gorniak | Farrin Rose Anello |
| Christopher R. Clark | Rebecca Ann Sharpless |
| Henry L. Solano | Immigration Clinic, |
| Dewey & LeBoeuf, LLP-NY | University of Miami |
| 1301 Avenue of the Americas | School of Law |
| New York, NY 10019 | 1311 Miller Drive - E257 |
| | Coral Gables, FL 33146 |

| | |
|---|---|
| Jonathan Blazer | Kenneth John Sugarman |
| Tanya Broder | ACLU Immigrant's Rights Project |
| National Immigration Law Center | 39 Drumm Street |
| Suite 1400 | San Francisco, CA 94111 |
| 405 14th Street | |
| Oakland, CA 94612 | |

Pickens Andrew Patterson, Jr.
Thomas Kennedy Sampson &
Patterson
3355 Main Street
Atlanta, GA 30337

This 14th day of July, 2011.

/s/ Devon Orland

State Law Department        Sr. Assistant Attorney General
40 Capitol Square SW        Georgia Bar No. 554301
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: dorland@law.ga.gov