**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Georgia Latino Alliance for Human Rights, *et al.*, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:11-cv-1804-TWT |
| v. | ) |
| | ) |
| Governor Nathan Deal, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>

# TABLE OF CONTENTS

Page No(s)

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION ......................................................................................1

STANDARD ...........................................................................................2

ARGUMENT ..........................................................................................3

    I.    Plaintiffs Have Adequately Pled A Facial Challenge to Section 8 of
        HB 87 That Remains Viable……………………………………………..3

    II.   Defendants Continue to be Proper Defendants For Plaintiffs' Challenge to
        Section 8 of HB 87………...………………………………………….13

CONCLUSION .......................................................................................15

# TABLE OF AUTHORITIES

Page No(s)

**Cases**

*Arizona v. United States*,
   132 S. Ct. 2492 (2012).................................................................................. passim

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................2

*Burk v. Augusta-Richmond Cnty*,
   365 F.3d 1247 (11th Cir. 2004) ...........................................................................8

*Butler v. Sheriff of Palm Beach County*,
   685 F.3d 1261 (11th Cir. 2012) ...........................................................................2

*Citizens United v. Fed. Election Comm'n*,
   558 U.S. 310, 130 S. Ct. 876 (2010)................................................................5, 6

*Dudley v. United States,*
   320 F. Supp. 456 (N.D. Ga. 1970)........................................................................8

*Forsyth Cnty., Ga. v. Nationalist Movement*,
   505 U.S. 123 (1992)..............................................................................................7

*Georgia Latino Alliance for Human Rights v. Governor of Georgia*,
   691 F.3d 1250 (11th Cir. 2012) .................................................................. passim

*Georgia Latino Alliance for Human Rights v. Deal*,
   793 F. Supp. 2d 1317 (N.D. Ga. 2011)......................................................... 13, 14

*Green Mountain R.R. Corp. v. Vermont*,
   404 F.3d 638 (2d Cir. 2005) .................................................................................5

*John Doe No. 1 v. Reed*,
   130 S. Ct. 2811(2010)........................................................................................5

*United States v. Arizona*,
   641 F.3d 339 (9th Cir. 2011) ...........................................................................10

*United States v. Arizona*,
   703 F. Supp. 2d 980 (D. Ariz. 2010) ...............................................................10

*United States v. South Carolina*,
   ___ F. Supp. 2d ____, 2012 WL 5897321 (D.S.C. 2012) ............................. 10,12

*Valle del Sol v. Whiting*,
   2012 U.S. Dist. LEXIS 172196 (D. Ariz. 2012) .................................................6

**Constitution and Statutes**

Ga. Const. Art. 5 § 3, .......................................................................................14

H.B. 87, 2011-2012 Reg. Sess. (Ga 2011)........................................................ passim

S.B. 1070, 2010 Ariz. Sess. Laws .....................................................................6, 10

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................2

Fed. R. Civ. P. 8(a)(2).......................................................................................2

**Other Authorities**

Black's Law Dictionary (9th ed. 2009) .................................................................5

Defendants Motion to Dismiss,
   *Valle del Sol v. Whiting* ( No. CV-10-01061-PHX) ...............................................1

Defendants Supplemental Brief in Support of Motion to Dismiss,
   *Valle del Sol v. Whiting* ( No. CV-10-01061-PHX) ...............................................3

iii

Order on Preliminary Injunction,
*Valle del Sol v. Whiting* ( No. CV-10-01061-PHX) ..................................................7

Order on Preliminary Injunction,
*Valle del Sol v. Whiting* (No. CV-10-01061-PHX) ..................................................7

Rule 16 Scheduling Order,
*Valle del Sol v. Whiting* (No. CV-10-01061-PHX) ..................................................9

# INTRODUCTION[1]

Defendants' supplemental motion to dismiss unjustifiably seeks to curtail Plaintiffs' prosecution of their remaining claims against HB 87 by preventing discovery to which Plaintiffs are entitled. Defendants argue the Eleventh Circuit's decision on Plaintiffs' motion for a *preliminary* injunction is dispositive of the case in its entirety. That is not true. Plaintiffs' properly-pled facial challenge to Section 8 of HB 87 has not been extinguished by the lifting of the preliminary injunction against that section. As set forth below, Plaintiffs are entitled to take discovery to develop their case – for example, by developing evidence that Georgia officers are enforcing Section 8 in a manner that conflicts with federal law. Defendants also attempt to reargue that they are not the proper parties to this challenge, but this Court's order on Defendants' original motion to dismiss has disposed of this baseless argument.

Defendants' motion simply ignores allegations in Plaintiffs' well-pled Complaint and misconstrues the distinction between facial and as-applied challenges. If Defendants' arguments were taken to their logical conclusion, all facial challenges would effectively be barred once the challenged provision has

---

[1] Plaintiffs incorporate their prior arguments related to the unconstitutionality of Section 8 of HB 87, including those made in their prior opposition to Defendants' original Motion to Dismiss (Doc. 47).

been implemented or enforced, which is plainly wrong.  Plaintiffs' claims are amply supported and Defendants' Rule 12(b)(6) motion should be denied.

## STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6).  Notably, Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim," but "'detailed factual allegations' are not required."  *Iqbal*, 556 U.S. at 663 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although a "blanket assertion" of a right to relief is insufficient, a plaintiff need only allege sufficient facts to raise his right to relief "above the speculative level."  *Butler v. Sheriff of Palm Beach County*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).  Moreover, in determining the sufficiency of a pleading for purposes of a motion to dismiss, the court must "take all of the factual allegations in the complaint as true."  *Iqbal*, 556 U.S. at 678.

## ARGUMENT

**I.    PLAINTIFFS HAVE ADEQUATELY PLED A FACIAL CHALLENGE TO SECTION 8 OF HB 87 THAT REMAINS VIABLE.**

Instead of addressing the specific allegations of Plaintiffs' Complaint,

2

Defendants primarily base their motion on the Eleventh Circuit's reversal of the preliminary injunction as to Section 8 of HB 87, contending that Plaintiffs' claim should be dismissed because "the decision of the Eleventh Circuit should end any further litigation of the matter." Defs. Supplemental Br. in Supp. of Mot. To Dismiss ("Defs.' Br.") (Doc. 144) at 1 n.1. Additionally, Defendants argue that Plaintiffs are not entitled to discovery by mischaracterizing Plaintiffs' challenge to Section 8 as only a "preenforcement … facial challenge." *Id*. at 4. Defendants' arguments fail for several reasons.

First, the Eleventh Circuit's decision was in the context of a motion for a preliminary injunction and therefore was based on an entirely different and more stringent legal standard than what applies here. The standard for issuance of an injunction required Plaintiffs to establish a "substantial likelihood of success on the merits" of their claim in order to obtain a preliminary injunction. *Georgia Latino Alliance for Human Rights v. Governor of Georgia*, 691 F.3d 1250, 1262 (11th Cir. 2012) ("*GLAHR*"). In that context, the Court of Appeals simply held that, on the record before it, Plaintiffs had failed to establish "that they are likely to succeed on the merits of their preemption argument in this preenforcement challenge to section 8," particularly because the court "was reluctant to conclude that the state statute 'will be construed in a way that creates a conflict with federal law.'" *Id.* at 1268

3

(quoting *Arizona v. United States*, 132 S. Ct. 2492, 2510 (2012)).  The court's decision was based on a far higher standard than that required to survive the instant motion to dismiss.  The Eleventh Circuit's ruling does not address the adequacy of the factual allegations of the Complaint regarding the actual interpretation and implementation of Section 8.[2]  And that ruling does not foreclose Plaintiffs from subsequently establishing how the law *is* being construed and enforced by Defendants.  Indeed, the Eleventh Circuit acknowledged that evidence of the construction and enforcement of the statute could establish the law's unconstitutionality.  *Id.* at 1268.

Second, there is no merit to Defendants' argument that Plaintiffs must bring a separate as-applied challenge in order to press their claims against Section 8 now that it has gone into effect.  *See* Defs.' Br. at 7.  In contrast to a facial challenge, an as-applied challenge seeks to invalidate a statute as "unconstitutional on the facts

---

[2] Plaintiffs' allegations challenging the constitutionality of Section 8 of HB 87 apply to the statute both before and during its implementation.  *See* Compl. (Doc. 1) ¶¶ 95 ("HB 87 is designed to and will in fact result in peace officers detaining individuals for the purpose of carrying out immigration status checks where they otherwise would not have done so."), 123 ("HB 87's creation of a state immigration system fundamentally conflicts with the INA's statutory scheme, impermissibly encroaches on the federal government's exclusive power to regulate immigration, and will lead to erroneous determination and unlawful detention by state and local officials."), 159 ("If HB 87 takes effect, the Plaintiffs and other individuals of color in Georgia will be subjected to unlawful detention, arrest, and harassment.").  Plaintiffs maintain these allegations even as Defendants have begun to enforce Section 8.

of a particular case or to a particular party." Black's Law Dictionary (9th ed. 2009). Plaintiffs are not alleging that Section 8 is unconstitutional as applied against a particular party in a particular case. Instead, Plaintiffs argue that the statewide enforcement of Section 8, as revealed through discovery into the policies, procedures, training, and daily enforcement routines, is unconstitutional in light of the limits demarcated by the Supreme Court in *Arizona*, 132 S. Ct. at 2509-10. *See also John Doe No. 1 v. Reed*, 130 S. Ct. 2811, 2817 (2010) (noting that "[t]he claim is 'facial' in that it is not limited to plaintiffs' particular case, but challenges application of the law more broadly to all referendum petitions."); *Green Mountain R.R. Corp. v. Vermont*, 404 F.3d 638, 644 (2d Cir. 2005) ("The facial/as-applied distinction would be relevant only if we might find some applications of the statute preempted and others not. . . . [W]here a state statute is in direct conflict with a federal statute or one of its processes, the focus is the act of regulation itself, not the effect of the state regulation in a specific factual situation.") (internal citation and quotation marks omitted, alterations in original). Plaintiffs' challenge was a facial challenge to Section 8 when it was brought before the provision had taken effect and it continues to be a facial challenge post-enforcement because Plaintiffs seek to invalidate Section 8 in all circumstances. *See Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331, 130 S. Ct. 876,

893 (2010) (explaining that the distinction between facial and as-applied challenges "goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint").   And, as shown above (fn. 2), Plaintiffs have pled in their Complaint sufficient allegations to sustain a facial challenge to the constitutionality of Section 8—regardless of whether enforcement has begun.  *See Arizona*, 132 S. Ct. at 2509-10.

If, as Defendants appear to argue, Plaintiffs' lawsuit, filed before Section 8 was implemented, cannot be maintained following the statute's implementation, that ruling would mean that no plaintiff who files a complaint and a motion for a preliminary injunction before a statutory provision takes effect could *ever* get discovery to fully challenge that provision unless successful in obtaining a preliminary injunction.  The mere fact that Section 8 has now been implemented in Georgia cannot bar further facial challenge to the provision, including Plaintiffs' challenge.

Indeed, the district court considering the very similar provisions of Arizona S.B. 1070 has allowed facial challenges to certain provisions to proceed post-enforcement.  In *Valle del Sol v. Whiting,* 2012 U.S. Dist. LEXIS 172196 (D. Ariz. 2012), , the district court has granted two separate injunctions against three distinct provisions that had been in effect for well over a year, despite the fact that the case

6

was originally filed as a pre-enforcement facial challenge, without requiring plaintiffs to satisfy any heightened pleading standards once these provisions were implemented.  No. CV-10-01061-PHX; *Valle del Sol*, Order on Prelim. Inj. (Feb. 29, 2012, Dkt. 604) (enjoining day laborer provisions that had been in effect for over a year and a half); *Id.*, Order on Prelim. Inj. (Sep. 5, 2012, Dkt. 757) (enjoining harboring and transporting provisions after they had been in effect for over two years).  The district court granted these injunctions following implementation of the challenged provisions and despite the fact that the court did not enjoin them in its original preliminary injunction ruling.

Third, Plaintiffs are entitled to discovery on the actual enforcement of Section 8, including how Defendants are interpreting that statute.  Defendants contend that because this case was brought as a facial challenge to Section 8, the statute's "actual enforcement is irrelevant."  Defs.' Br. at 4.  But contrary to Defendants' assertions, in a facial challenge, courts are not limited to considering only the text of the statute in question.  While in some cases the text of a statute may be the only relevant consideration, courts also routinely look beyond the text—at the actual interpretation and implementation of the statute.  *See, e.g., Forsyth Cnty., Ga. v. Nationalist Movement*, 505 U.S. 123, 131 (1992) ("In evaluating respondent's facial challenge, we must consider the county's

7

authoritative constructions of the ordinance, including its own implementation and interpretation of it."). For example, in *Burk v. Augusta-Richmond County*, the Eleventh Circuit looked to evidence of unconstitutional interpretation and implementation of a county ordinance in evaluating whether the ordinance was facially unconstitutional. 365 F.3d 1247, 1266-67 (11th Cir. 2004) ("Because it is clear that the Sheriff has never denied a permit due to the form or the absence of an indemnification agreement, I cannot construe the provision to be facially invalid."). The Eleventh Circuit, however, was ultimately "unwilling to simply presume, *without evidence to the contrary*" that the law would be construed facially in a manner that would be unconstitutional. *Id.* (emphasis added); *see also Dudley v. United States,* 320 F. Supp. 456, 458 (N.D. Ga. 1970) ("[T]here is a strong presumption of the correctness and legality of acts done in the discharge of official duties unless and *until the contrary is made to appear*.") (emphasis added).

In *Arizona*, too, the Supreme Court did not look merely to the plain text of the statute, but also took note of the state of the evidentiary record in deciding whether the federal government had sufficiently demonstrated that the Arizona law was likely to be preempted. The Court recognized that a further developed record could establish that the Arizona law is preempted. The Court's primary concern was whether the law would be interpreted and implemented in a manner that

8

results in unlawfully prolonged detention, and the Court found that "*it is not clear at this stage and on this record* that the verification process would result in prolonged detention." *Arizona*, 132 S. Ct. at 2509 (emphasis added).  The Court ultimately found that "[t]here is a basic uncertainty about what the law means and how it will be enforced." *Id*. at 2510.  The Court, thus, left open the possibility that a showing could be made on a further developed record that the law will be construed in a different and possibly unconstitutional manner—one that "would disrupt the federal framework [by putting] state officers in the position of holding aliens in custody for possible unlawful presence without federal direction and supervision." *Id.* at 2509.  Likewise, Plaintiffs here are entitled to demonstrate that is the case with respect to Section 8 of HB 87.

The district court in South Carolina reached the same conclusion when, lifting the preliminary injunction of that state's analogue to Section 8.  That court did not dismiss the challenge to that section, but instead expressly indicated that discovery would be appropriate, explaining:

> This litigation is only at the preliminary injunction stage, and this Court's decision to dissolve the injunction regarding these status-checking provisions does not foreclose a future as-applied challenge based upon subsequent factual and legal developments.  *In the course of this litigation, the parties will have the opportunity to conduct discovery regarding the actual practices and procedures associated with the implementation of Sections 6(A) and 6(C)(1), and this Court can then address these issues with the benefit of a full record.*

*United States v. South Carolina*, ___ F. Supp. 2d ____, 2012 WL 5897321, at *7 (D.S.C. 2012)(emphasis added); *see also Valle del Sol*, No. CV-10-01061-PHX, Rule 16 Scheduling Order (March 27, 2013, Dkt. 801) (permitting plaintiffs to proceed with discovery on their facial challenge to Section 2(B) of Arizona's SB1070).

The Supreme Court in *Arizona* did not say that an interpretation of the text of Section 2(B) that would require state and local officers to unlawfully detain individuals on the basis of immigration status alone was *wrong*; indeed, it even went so far as to agree that if the United States was right about how Section 2(B) would be enforced "in practice," such implementation "would raise constitutional concerns" about the facial validity of the statute.[3]  *Arizona*, 132 S. Ct. at 2509. *Arizona* concluded, however, that the interpretation of Section 2(B) advanced by the federal government and accepted by the Ninth Circuit and the district court was not the *only* plausible interpretation.  *See id.* ("But § 2(B) could be read to avoid these [constitutional] concerns.").  Citing the "basic uncertainty about what the law means and how it will be enforced," *Arizona* concluded that "it would be

---

[3] In fact, like the Court did here with regard to Section 8 of HB 87, the district and appellate courts originally interpreted the text of Section 2(B) of Arizona's SB1070 to require state and local law enforcement officers to engage in this unconstitutional conduct.  *See United States v. Arizona*, 641 F.3d 339, 351-52 (9th Cir. 2011); *United States v. Arizona*, 703 F. Supp. 2d 980, 995-97 (D. Ariz. 2010).

inappropriate to assume § 2(B) will be construed in a way that creates a conflict with federal law," and therefore held that the United States was not sufficiently likely to succeed on the merits of its pre-enforcement facial preemption claim to warrant a preliminary injunction. *Id.* at 2510. The Supreme Court nonetheless stated explicitly that its "opinion does not foreclose other *preemption* and constitutional challenges to the law as interpreted and applied after it goes into effect." *Id.* (emphasis added).

*Arizona* thus stands for two propositions relevant here. First, because there were at least two plausible interpretations of Section 2(B), only one of which would make the statute preempted, it was improper to preliminarily enjoin enforcement of the statute; but second, if, after the law goes into effect, Section 2(B) is "interpreted and applied" to purport to authorize unconstitutional actions, courts should hold that the provision is facially preempted. *Id.* at 2509-10; *see also GLAHR*, 691 F.3d at 1267-68 (adopting and noting the same two points in holding that the plaintiffs in this case "at this stage of the litigation" were not sufficiently likely to succeed on their pre-enforcement challenge to Section 8 of HB 87). The first proposition is why Defendants in this case succeeded in having the preliminary injunction of Section 8 lifted; but the second is why, in this facial challenge, the "actual enforcement" of the law *is* relevant—and why Plaintiffs are

11

entitled to conduct discovery on that topic.  *See South Carolina*, 2012 WL 5897321, at *7 ("In the course of this litigation, the parties will have the opportunity to conduct discovery regarding the actual practices and procedures associated with the implementation of [South Carolina's analogue to Section 8 of HB 87]."); *see also GLAHR*, 691 F.3d at 1268 ("Notably, the [*Arizona*] Court left open the possibility that the interpretation and application of Arizona's law could prove problematic in practice and refused to foreclose future challenges to the law.").

Thus, Plaintiffs are entitled to discovery on Section 8, including whether it is being construed and implemented in a manner that allows for detention based merely on suspected civil immigration violations without an underlying state law basis and whether its enforcement has "consequences that are adverse to federal law and its objectives"—either of which, *Arizona* indicated, would render the law preempted as a facial matter.  *See* 132 S. Ct. at 2509-10; *see also GLAHR*, 691 F.3d at 1268 (noting same).  For example, information indicating that law enforcement officials across the state are enforcing Section 8 by detaining individuals until results of federal immigration inquiries are returned – even if the underlying basis for the state law detention had expired—would establish that Section 8 is facially preempted.  *See Arizona*, 132 S. Ct. at 2509-10.  If permitted

to do so, Plaintiffs would conduct targeted discovery concerning statewide training and implementation of Section 8; how particular enforcement actors are being trained on implementation of Section 8; policies and procedures that have been created to address implementation of this Section; and the manner in which it is currently being enforced statewide.  This discovery will permit Plaintiffs to prove that, although Section 8 hypothetically could be interpreted to avoid constitutional problems, *GLAHR*, 691 F.3d at 1268, its real-world application "in practice" renders Section 8 facially invalid.  *Arizona*, 132 S. Ct. at 2509.

## II.   DEFENDANTS CONTINUE TO BE PROPER DEFENDANTS FOR PLAINTIFFS' CHALLENGE TO SECTION 8 OF HB 87.

Defendants concede, as they must, that Governor Deal and Attorney General Olens are proper Defendants for Plaintiffs' challenge to HB 87.  Defs.' Br. at 8.  Indeed, Defendants have previously admitted that "Governor Deal and Attorney General Olens, in their official capacities are the correct parties for the purpose of defending the constitutionality of the Statute under the Federal Constitution."  *GLAHR v. Deal*, 793 F. Supp. 2d 1317, 1339 (N.D. Ga. 2011) (quoting Defendants' original Motion to Dismiss).  Nonetheless, Defendants now attempt to argue that they lack responsibility for ensuring the law is enforced constitutionally and that they not the proper parties for "engaging in discovery" regarding the implementation of the Act.  Defs.' Br. at 9.  Both arguments lack merit and neither

13

provides an adequate basis to dismiss Plaintiffs' current challenge.  As discussed above, Plaintiffs have properly pled a facial challenge to the constitutionality of Section 8, and that challenge remains viable following the section's implementation.

First, Defendants make the claim that "Governor Deal and Attorney General Olens in their official capacities cannot ensure that this or any other statute is enforced in a constitutional manner." *Id.*  This attempt to pass the responsibility for the constitutional enforcement of HB 87 onto local law enforcement alone is flatly wrong under Georgia law.  As this Court has previously found, the Governor signed HB 87, and he is ultimately responsible for its enforcement.  *GLAHR*, 793 F. Supp. 2d at 1339 ("[t]he Governor shall take care that the laws are faithfully executed").  The Defendants' attempt to evade their responsibility to ensure that Section 8 is constitutionally implemented by pointing out that local law enforcement officials will conduct the investigations and detentions under this provision does not pass muster.  The Attorney General, who is tasked by the Georgia Constitution to serve as the legal advisor to the executive department, is equally responsible for ensuring that state laws are constitutionally applied.  *See* Ga. Const. Art. 5 § 3, ¶ 4 ("[t]he Attorney General shall act as the legal advisor of the executive department").

14

Second, Defendants' argument that they may not have "access to relevant discoverable enforcement plans" of local law enforcement is a red herring. Defs.' Br. at 8. Plaintiffs are asking for no more than that which is authorized under the Federal Rules of Civil Procedure – which includes certain third-party discovery mechanisms such as subpoenas and depositions – and Defendants' participation in discovery will be governed by the same rules. Defendants Deal and Olens are proper defendants for this facial challenge, and their suggestion that some evidence may lie outside of their possession does not justify dismissal.

## CONCLUSION

For all these reasons, Defendants Motion to Dismiss should be denied.

Dated: May 9, 2013                                    Respectfully submitted,

                                    /s/ Nora A. Preciado
                                    Nora A. Preciado
                                    National Immigration Law Center

                                    /s/ Naomi Tsu *w/permission*
                                    Naomi Tsu (GSB 507612)
                                    Southern Poverty Law Center

                                    *On behalf of Attorneys for Plaintiffs*

15

Linton Joaquin (*pro hac vice*)
Karen C. Tumlin (*pro hac vice*)
Nora A. Preciado (*pro hac vice*)
Melissa S. Keaney (*pro hac vice*)
NATIONAL IMMIGRATION LAW
CENTER
3435 Wilshire Boulevard, Suite 2850
Los Angeles, California 90010
T: (213) 639-3900
F: (213) 639-3911
*Joaquin@nilc.org*
*Tumlin@nilc.org*
*Preciado@nilc.org*
*Keaney@nilc.org*

Naomi Tsu (GSB No. 507612)
Michelle R. Lapointe (GSB No. 007080)
Daniel Werner (GSB No. 422070)
SOUTHERN POVERTY LAW CENTER
233 Peachtree St., NE, Suite 2150
Atlanta, Georgia  30303
T: (404) 521-6700
F: (404) 221-5857
*naomi.tsu@splcenter.org*
*michelle.lapointe@splcenter.org*
*daniel.werner@splcenter.org*

Mary Bauer (GSB No. 142213)
Samuel Brooke (*pro hac vice*)
SOUTHERN POVERTY LAW CENTER
400 Washington Ave.
Montgomery, Alabama 36104
T: (404) 956-8200
F: (404) 956-8481
*mary.bauer@splcenter.org*
*samuel.brooke@splcenter.org*

Omar C. Jadwat (*pro hac vice*)
Andre Segura (*pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
T: (212) 549-2660
F: (212) 549-2654
*ojadwat@aclu.org*
*asegura@aclu.org*

Cecillia D. Wang (*pro hac vice*)
Katherine Desormeau (*pro hac vice*)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
T: (415) 343-0775
F: (415) 395-0950
*cwang@aclu.org*
*kdesormeau@aclu.org*

Chara Fisher Jackson (GSB No.
386101)
Azadeh N. Shahshahani (GSB No.
509008)
ACLU OF GEORGIA
1900 The Exchange, Suite 425
Atlanta, Georgia  30339
T: (770) 303-8111
*cfjackson@acluga.org*
*ashahshahani@acluga.org*

16

Tanya Broder (*pro hac vice*)
NATIONAL IMMIGRATION LAW
CENTER
405 14th Street, Suite 1400
Oakland, California 94612
T: (510) 663-8282
F: (510) 663-2028
*Broder@nilc.org*

Winifred Kao (*pro hac vice*)
Carolyn Hsu (*pro hac vice*)
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
T: (415) 896-1701  x 110
F: (415) 896-1702
*winifredk@asianlawcaucus.org*
*carolynh@asianlawcaucus.org*

G. Brian Spears  (GSB No.
670112)
1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
T: (404) 872-7086
F: (404) 892-1128
*Bspears@mindspring.com*

R. Keegan Federal, Jr. (GSB No.
257200)
FEDERAL & HASSON, LLP
Two Ravinia Drive, Ste 1776
Atlanta, Georgia  30346
T: (678) 443-4044
F: (678) 443-4081

Charles H. Kuck  (GSB No.
429940)
Danielle M. Conley (GSB No.
222292)
KUCK IMMIGRATION
PARTNERS LLC
8010 Roswell Road, Suite 300
Atlanta, Georgia  30350
T: (404) 816-8611
F: (404) 816-8615
*CKuck@immigration.net*
*DConley@immigration.net*

*Attorneys for Plaintiffs*

17

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This the 9th day of May, 2013

/s/ Nora A. Preciado
Nora A. Preciado

*On behalf of Attorneys for Plaintiffs*

18

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing document was filed through the Court's CM/ECF system and served electronically on all parties registered through that system. Parties may also access this filing through the Court's CM/ECF system.

This the 9th day of May, 2013

/s/ Nora A. Preciado
Nora A. Preciado

*On behalf of Attorneys for Plaintiffs*

19