IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA LATINO ALLIANCE    *
FOR HUMAN RIGHTS, et al.,      *
     *
     Plaintiffs,      *
     *
     V.      *      1:11-CV-1804-TWT
     *
NATHAN DEAL, Governor of the    *
State of Georgia, et al.,      *
     *
     Defendants.      *

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
RECONSIDERATION

Come Now, Defendants, through Counsel and file this response to Plaintiffs'

Motion for Reconsideration.

Motions for reconsideration are not to be filed as a "matter of routine

practice," or as a matter of course. LR 7.2(E), NDGa; *Preserve Endangered Areas

of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560

(N.D. Ga. 1995)(motion for reconsideration brought under FED. R. CIV. P. 60(b)

and is invoked only in extraordinary circumstances). As succinctly stated by the

court:

> A motion for reconsideration is not an opportunity for the moving
> party and their counsel to instruct the court on how the court "could

have done it better" the first time. Rather, the motion should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice.

Id.  (internal citations omitted).

Plaintiffs' claim of clear error and manifest injustice in support of their motion is misplaced.  In their argument, Plaintiffs ignore the procedural posture of the case, misstate the arguments presented and fail to provide any support for their claim that that the Court entered an erroneous ruling.  Plaintiffs' Motion for Reconsideration should be denied.

Subsequent to the ruling of the Eleventh Circuit Court of Appeals the Court held a status conference to determine discuss whether any issues remained in the case to be litigated.  In that conference Plaintiffs suggested a need for broad range discovery related to the sole remaining issue in the case.  Defendants contended at that time that as the case was brought as a facial challenge discovery was inappropriate and the case should be dismissed.  The Court ordered additional briefing on the issue of whether the case was brought as "strictly a facial challenge which would be resolved based upon the 11th Circuit's decision or whether it's a facial and as applied challenge which would allow Plaintiffs to go forward with discovery." (ECF 138, Hearing Transcript December 19, 2012 p. 7)

Defendants complied with the Court's order and filed a "Supplemental Brief" to address the Court's inquiry while affirmatively adopting all prior briefing in the matter. (ECF 144, p. 1 fn 1). Within this prior briefing, Defendants expressly briefed the issue relied on by the Court in its determination. (ECF 47 p. 2). Defendants' supplemental argument consisted of approximately ten (10) pages wherein they defined a "facial" vs. "as-applied" challenge, argued that Plaintiffs had brought a "facial" challenge which as the Court noted in the hearing compelled a finding that discovery was not necessary and should be dismissed.[1] (ECF 144). Defendants further cited to law which expressly cites the reasoning in *United States vs. Salerno,* 481 U.S. 739 (1987) in the application of the law related to facial challenges to statutes. *See* ECF 144 p. 7 fn. 4 citing to *Georgia Carry.org Inc. v. Georgia*, 687 F.3d 1244, 1255 fn 20 (11th Cir. 2012)[2].

Plaintiffs filed a twenty four page response to Defendants' abbreviated and supplemental brief wherein they conceded that they brought a facial challenge which, as evidenced by the hearing transcript and Defendants' argument foreclosed further litigation of the matter. (ECF 148). As a result of this concession, Defendants filed a reply brief that was less than three pages in length and

---

[1] Defendants also argued that Plaintiffs had not sued the proper parties for an "as applied" challenge.

[2] Strangely this is the exact case and page that Plaintiffs suggest the Court improperly relied upon in reaching its decision.

contained six bullet points essentially noting black letter law and prior argument. Nothing, in Defendants' reply was new, novel or complex.  Plaintiffs' suggestion that this unremarkable reply somehow "surprised" them and caused them harm should not be given any credence nor does it form a valid basis for reconsideration of this Court's order.[3]

While Plaintiffs complain about the substance of the Court's order they offer no legal authority to support their contention that they should be entitled to discovery on the application of a statute where they have brought an admittedly facial challenge prior to the statute's effective date.  Absent such authority, Plaintiffs' argument fails.

## **CONCLUSION**

For the above and foregoing reasons, Plaintiffs' Motion for Reconsideration should be denied.

---

[3] It seems worth noting that had Defendants truly surprised Plaintiffs with an innovative argument they could have sought supplemental briefing or objected to the presentation.  They did neither and instead waited until the Court issued a ruling and their time to appeal the Court's ruling was due to expire.

Respectfully submitted,

|                        |          |
|------------------------|----------|
| SAMUEL S. OLENS        | 551540   |
| Attorney General       |          |

KATHLEEN PACIOUS        558555
Deputy Attorney General

/s/   Devon Orland
DEVON ORLAND            554301
Sr. Assistant Attorney General

Please Address All
Communications To:

Devon Orland
40 Capitol Square, S.W.
Atlanta, GA  30334-1300
(404) 463-8850
(404) 651-5304

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This the 27th  day of August, 2013.

/s/ Devon Orland
DEVON ORLAND                554301
Sr. Assistant Attorney General

40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404) 463-8850 (Telephone)
(404) 651-5304 (Fax)
Email:  Dorland@law.ga.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing

**RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

with the Clerk of Court using the CM/ECF system which will automatically

send email notification of such filing to the following attorneys of record:

Andre Segura
Carolyn Hsu
Cecelia Wang
Elora Mukerjee
Karen Tumlin
Katherine Desormeau
Linton Joaquin
Melissa Keaney
Nora Preciado
Samuel Brooke
Sin Yen Ling
Tanya Broder
Winifred Kao
Andrew Turner
Azadeh Shahshahani
Chara Jackson
Charles Kuck
Daniel Wener
Danielle Conley
George Brian Spears
Jonathon Blazer
Kenneth Sugarman
Mary Bauer
Michelle Lapointe
Naomi Tsu
Omar Jadwat
Robert Keegan Federal, Jr.

7

8

This 27th day of August, 2013.

s/ Devon Orland

State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: dorland@law.ga.gov

8